IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ERICSSON INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )  Case No. 15-9301-CM |
| COREFIRST BANK & TRUST, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This case arises from an overpayment of funds by plaintiff Ericsson, Inc., to Stutler Technologies, who is not a party to this action. Plaintiff remitted almost $220,000 into an account that Stutler had with defendant CoreFirst Bank & Trust, but plaintiff only owed Stutler about $95,000. Unfortunately, Stutler also owed defendant money, and defendant withdrew the funds from Stutler's account and applied the funds to the indebtedness owed by Stutler to defendant.

Plaintiff now brings suit against defendant for (1) conversion and (2) equitable claims for money had and received and unjust enrichment. Defendant filed a motion to dismiss (Doc. 6), arguing that the court should dismiss the case in its entirety. For the following reasons, the court grants defendant's motion in part and denies it in part.

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court set forth the new standard for pleadings, stating that although "heightened fact pleading of specifics" was not necessary, the pleadings should include "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570. The pleading should include "more than labels, conclusions, and a formulaic recitation of the elements of a cause of action." *Ellis v. Isoray Med., Inc.*, No. 08-

-1-

2101-CM, 2008 WL 3915097, at *1 (D. Kan. Aug. 22, 2008) (quoting *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008)).  The court does not make a determination on whether the party will prevail; rather, the issue is whether the party is permitted to offer evidence to support its claims.  *Id*.

For plaintiff's conversion claim, the parties agree that Texas law applies because Texas is where the financial harm to plaintiff allegedly occurred.  *See Ling v. Jan's Liquors*, 703 P.2d 731, 735 (Kan. 1985).  In Texas, a plaintiff may bring a claim for conversion of money when "money is (1) delivered for safekeeping; (2) intended to be kept segregated; (3) substantially in the form in which it was received or an intact fund; and (4) not the subject of a title claim by the keeper." *Edge Petroleum Operating Co. v. GPR Holdings, L.L.C. (In re TXNB Internal Case)*, 483 F.3d 292, 308 (5th Cir. 2007).  But funds deposited in a bank are generally considered unrestricted, and banks have a common law right to use the funds as set-off payments owed to them by the depositor.  *Mauriceville Nat'l Bank v. Zernial*, 892 S.W.2d 858, 860 (Tex. 1995).  A party only converts money if the money is specifically identified and held in trust.  *Chu v. Chang Hui Hong*, 249 S.W 3d 441, 444 (Tex. 2008) (citations omitted.

Plaintiff's complaint contains no allegation that defendant held the funds in trust.  The complaint also fails to allege that the funds were specifically identifiable, delivered for safekeeping, or intended to be kept segregated.  Plaintiff is unable to satisfy the elements for conversion under Texas law, and the court dismisses the conversion claim.  *See GE Capital Commercial, Inc. v. Wright & Wright, Inc.*, No. 09-CV-572-L, 2009 WL 5173954, at *8 (N.D. Tex. Dec. 31, 2009).

As for plaintiff's claims in equity, the parties do not specify whether Kansas or Texas law applies.  They assume that the result would be the same under either law and cite law from both states.  Defendant argues that both of plaintiff's equitable claims are essentially claims for restitution, and

cites various Restatement principles to demonstrate that when a creditor receives a mistaken payment, the creditor need not make restitution for the mistaken payment.  *See* Restatement (Third) of Restitution and Unjust Enrichment § 67 (2011); Restatement (First) of Restitution § 14 (1937).  The problem with defendant's arguments is this: They are based on affirmative defenses.  *See Away Bank, BSC v. HSBC Bank USA*, 455 B.R. 73, 93 (Bankr. S.D.N.Y. 2011) (referring to § 14's "discharge for value" rule as an affirmative defense); Restatement (Third) of Restitution and Unjust Enrichment § 67(2) ("[P]ayee is entitled to the defense described in this section . . . ."); cmt. c (referring to "the affirmative defense described in this section").  Plaintiff need not plead and disprove an affirmative defense in its complaint.  *Caplinger v. Medtronic, Inc.*, 784 F.3d 1335, 1342 n.2 (10th Cir. 2015) (citations omitted).

The court recognizes, as defendant argues, that an exception to this rule occurs if the complaint itself raises the affirmative defense.  *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965).  Defendant claims that paragraphs 11 and 12 of the complaint anticipate and address the bona fide payee defense.  The court disagrees. Paragraph 11 merely states, "Stutler represents that [defendant] applied the Overpaid Funds to secure and/or pay a promissory note that Stutler allegedly owed to [defendant]."  (Doc. 1 at 2.)  Paragraph 12 continues: "Because Stutler had no right to the Overpaid Funds, [defendant] likewise had no right to apply and retain those funds from Stutler's bank account."  (*Id.*)  Neither of these paragraphs adequately raises the bona fide payee defense such that it appears plainly on the face of the complaint, and plaintiff did not need to disprove the defense with allegations in its complaint.

-3-

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. 6) is granted in part and denied in part. The court dismisses Count I, but Counts II and II remain in the case.

Dated this <u>1st</u> day of July, 2016, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**